**XIAO RI LIN, Petitioner,**

v.

**Eric H. HOLDER Jr., U.S. Attorney General,\* Respondent.**

**No. 08–4213–ag.**

United States Court of Appeals, Second Circuit.

July 15, 2009.

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Hold-

Scott E. Bratton, Margaret Wong & Associates Co., Cleveland, OH, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General; David V. Bernal, Assistant Director; Jesse M. Bless, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, WALKER, and PETER W. HALL, Circuit Judges.

er Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

52

### SUMMARY ORDER

Petitioner Xiao Ri Lin, a native and citizen of the People's Republic of China, seeks review of an July 29, 2008 order of the BIA affirming the August 29, 2006 decision of Immigration Judge ("IJ") Sandy K. Hom denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiao Ri Lin*, No. A 95 710 287 (B.I.A. July 29, 2008), *aff'g* No. A 95 710 287 (Immig. Ct. N.Y. City Aug. 29 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the IJ's decision in some respects but not others, this Court reviews the IJ's decision as modified by the BIA decision, i.e., minus the arguments for denying relief that were rejected by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Shu Wen Sun v. BIA*, 510 F.3d 377, 379 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

■ Substantial evidence supports the agency's denial of Petitioner's asylum and withholding of removal claims. With regard to Petitioner's claim that she suffered past persecution during her detention in 1999, there was no nexus between Petitioner's detention and a protected ground, where Petitioner testified that she was detained by Chinese immigration officials to verify her identity because she did not have proper identification. *See* 8 U.S.C. § 1101(a)(42); *Saleh v. U.S. Dep't of Justice*, 962 F.2d 234, 239 (2d Cir.1992) ("Punishment for violation of a generally applicable criminal law is not persecution."). Furthermore, even if there were a nexus, the detention and interrogation described by Petitioner did not rise to the level of persecution. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir.2006); *Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir.2006).

■ With regard to Petitioner's claim that she suffered past persecution because she was required to attend gynecological examinations, Petitioner failed to present sufficient evidence to establish that the exams were performed under "aggravating" circumstances that would rise to the level of persecution. *See Matter of M–F–W & L–G–*, 24 I. & N. Dec. 633, 641 (BIA 2008) ("[E]xamples of routine acts implementing China's family planning policy that are lacking in harm sufficient to constitute persecution include ... regularly required gynecological exams, and other routine fines and threats for obeying the policy."); *cf. Xu Ming Li v. Ashcroft*, 356 F.3d 1153, 1158–59 (9th Cir.2004) (concluding that a petitioner who had been held down by two nurses while she was examined under "rape-like" conditions had established past persecution). Petitioner also argues that the IJ erred when he prevented her from explaining what occurred during her gynecological examinations. However, remand for further development of this issue would be futile. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir.2006) (remand is futile where the Court can confidently predict that the agency would reach the same result on remand). Petitioner failed to state, either before the BIA or this Court, what additional information she would have provided regarding the conduct of her examinations that may have altered the IJ's findings. *See Garcia–Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir.2008) (in order to prevail on a claim alleging the denial of due process, an individual in removal proceedings must "allege some cog-

nizable prejudice fairly attributable to the challenged process") (citation omitted). Indeed, the basis of Petitioner's asylum application is that she was required to attend gynecological examinations, rather than her experience in undergoing the examinations.

■ Substantial evidence also supports the agency's finding that Petitioner failed to demonstrate a well-founded fear of persecution. To the extent Petitioner bases her claim on her alleged resistance to the family planning policy, leaving China is not an overt act of resistance to that policy. *See Matter of S–L–L–*, 24 I. & N. Dec. 1, 10 (BIA 2006) (describing "other resistance" in the context of coercive family planning to cover "a wide range of circumstances, including expressions of general opposition, attempts to interfere with enforcement of government policy in particular cases, and other overt forms of resistance to the requirements of the family planning law"). Thus, Petitioner's attempt to recast her illegal departure claim as a family planning claim must fail. Moreover, although Petitioner testified that family planning officials have come to her house twice since she left China to inquire as to her whereabouts, she did not claim that they threatened to harm her upon her return. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir.2005) (finding that a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best").

■ To the extent Petitioner argues that she has a well-founded fear of persecution due to her illegal departure from China, "[p]ossible persecution for violation of a statute applicable to all citizens would not standing alone constitute a valid basis for asylum." *Qun Yang v. McElroy*, 277 F.3d 158, 163 n. 5 (2d Cir.2002) (per curiam); *see also Matter of Sibrun*, 18 I. & N. Dec. 354, 359 (BIA 1983). Accordingly, the agency reasonably denied Petitioner's application for asylum and withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

■ Finally, substantial evidence supports the agency's denial of Petitioner's CAT claim. Although Petitioner argues that the record establishes that she will be tortured upon her return based on her illegal departure from China, the background documents "by no means establish that prisoners in [Petitioner's] circumstances-namely . . . unlawful emigrants-are 'more likely than not' to be tortured." *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir.2005). Petitioner essentially asks this Court to hold that she is entitled to relief based solely on the fact that she is "part of the large class of persons who have illegally departed China," but such a showing is not sufficient. *Id.* (noting that "[w]ere such a showing sufficient to secure relief under the CAT, any asylum-seeker arriving in the United States illegally from China would equally be entitled to such relief").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).